IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 111-094 |
| | ) | |
| TYRONE PARRISH, JR. | ) | |

**O R D E R**

In the captioned criminal matter, Defendant Tyrone Parrish, Jr., proceeding pro se, has filed a "Motion for Clarification of Sentence." On January 6, 2012, Defendant was sentenced to serve a total term of 110 months. Of that 110 months, 50 months of his term was to be served concurrently with his state sentences being served in Richmond County (Georgia) Superior Court, Docket Numbers 2009RCCR9, 2009RCCR315, and 2009RCCR964, and the remaining 60 months was to be served consecutive to those state sentences in federal custody. (See J&C, Doc. 34, at 2.) Presently, Defendant complains that the Bureau of Prisons has "taken back the credit for the time served on the State sentences" thereby improperly extending his time "by the 50 month term" that was to be served concurrent to his state terms. (Doc. 37, at 2.)

Matters of credit for time served and other length of sentence determinations are better directed to the Bureau of Prisons and not this Court. The Attorney General, acting

through the Bureau of Prisons, "initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing." Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995). In fact, "an inmate must exhaust his administrative remedies with the BOP prior to seeking judicial relief." Id. Thus, Defendant must pursue his administrative remedies through the Bureau of Prisons before seeking judicial review of his sentence. See, e.g., United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989).

"Exhaustion of administrative remedies is jurisdictional." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005). Here, there is no indication that Defendant has pursued, much less exhausted, administrative remedies relating to the Bureau of Prisons' computation of his sentence; therefore, this Court lacks jurisdiction over his present motion.

Moreover, this is not the proper court for Defendant to bring a challenge to the calculation of his term of imprisonment. A challenge to the calculation of a term of imprisonment is a challenge to the execution of his sentence, which must be brought pursuant to 28 U.S.C. § 2241 in the district of *confinement*. Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Accordingly, Defendant's challenge to the calculation of his prison term, once he has

exhausted his administrative remedies with the Bureau of Prisons, must be brought in the Southern District of Mississippi, where he is presently incarcerated.[1]

Finally, a cursory review of Defendant's custody history shows that there may not be an error in computation. In particular, Defendant was released to state custody within days of his sentencing and returned to federal custody to begin his federal term of imprisonment on April 19, 2013. His current release date is January 23, 2020.[2] While Defendant may believe he was only to serve 60 months from April 19, 2013, the Court notes that its sentence was for a total term of 110 months such that if Defendant did not attain 50 months in state custody in a concurrent situation, the balance of that time must be served in federal custody. Moreover, the Court notes that Defendant was in federal custody on a writ from state custody for some time prior to his sentencing proceeding. Defendant may have an erroneous expectation that the time he served in federal custody on a writ from state custody will count as time served on his state sentence. It does not.

---

[1] The Court takes judicial notice from the Bureau of Prisons' inmate locator on its website that Defendant is now imprisoned in FCI Yazoo City Low in Yazoo City, Mississippi. Accordingly, the Clerk is directed to note this change on the docket and serve Defendant at this location.

[2] Obviously, the Bureau of Prisons did not "take back" the full 50-month term since his release date is less than 110 months from his entry date.

Upon the foregoing, Defendant's motion for credit for time served (doc. no. 37) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of March, 2017.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA